————~o~~————

CHITTENDEN COUNTY, DECEMBER TERM, 1826.—IN CHANCERY.

Martin Chittenden vs. Truman Barney and George Howe.

AND

George Howe vs. Martin Chittenden and Truman Barney.

If several parcels of real estate are in mortgage for the same debt and a third person becomes interested in one of them, he may call on the mortgagee to have the debt apportioned between the parcel in which he is interested and the residue of the mortgaged premises, or for an assignment of the mortgage on payment of the whole sum due thereon.

And if such third person has become interested through necessity, or from other motives than those of voluntary speculation, he may be allowed his choice whether to take an assignment or have an apportionment.

In either case regard will be had to such property only as was equitably chargeable with the mortgage, when the interest of the third person was acquired.

THE former of these causes was a bill to foreclose a mortgage which *Barney* had executed to *Chittenden* on the first day of January, 1817, to secure the payment of a promisory note of that date for eleven hundred and sixteen dollars and sixty six cents ; it being stated that *Howe* had subsequently purchased the estate of *Barney* in a part of the mortgaged premises. The latter was a cross bill in which *Howe* stated the mortgaged premises to consist of a farm of land, called the *BurrHubbell* farm of about 106 acres, and certain carding and clothing works all in the town of *Jerico*. He further stated that all the farm aforesaid, except about six acres on which the buildings stood, was situated on the east side of the highway leading to *Essex*, that the value of the six acre piece with the buildings bore a very small proportion to the value of the whole mortgaged premises, which he alleged to be worth five thousand dollars. He then alleged that a writ of execution in favor of the *State Treasurer* against *Barney* and himself, for the proper debt of *Barney*, was levied on the estate and interest of *Barney* as mortgagor in the six acre piece aforesaid, and that the orator purchased the same at public auction duly holden for that purpose, in Nov. 1821, at the price of one hundred and seventy five dollars, which he then paid in satisfaction of said execution, and took a deed from the officer duly executed. The object of the cross bill was to have the sum due to *Chittenden* apportioned upon the six acre piece aforesaid, and the rest of the mortgaged premises according to their respective value, and that the former piece might be discharged from the mortgage on payment of the sum thus found chargeable upon it by apportionment ; or that *Chittenden* might be decreed to accept the payment of his debt from the orator and execute to him an assignment of the mortgage. There was also a prayer for general relief. By the answers to this bill it appeared that in July, 1821, and previous to the issuing of the execution aforesaid, *Barney* sold and conveyed for his own benefit all the farm aforesaid except the six acre piece, the purchaser having first obtained the parol engagement of *Gov. Chittenden* to release his claim under the mortgage

Chittenden, Dec. 1826.

Chittenden vs. Barney & Howe,
and
Howe vs. Chittenden & Barney.
to the part thus purchased.   A re-
lease was accordingly executed, with-
out any  consideration received, in
February, 1822, after the sale and conveyance of the six acre
piece to Howe as aforesaid, the release being induced by a sense
of obligation to the purchaser arising from the parol promise afore-
said.   The answers further showed that *Barney* owned but a
moiety of the carding and clothing works, though the mortgage to
*Chittenden* covers the whole.   A hearing was now had upon the
cross bill, answers and proofs, the original bill being taken as con-
fessed.   The proofs related chiefly to the value of the several
parts of the mortgaged premises, and in other respects were con-
sistent with the answers.

*Allen,* for the orator *Howe.*—The orator *George Howe,* con-
tends,

That if he is compelled to pay the amount of the debt due
from *Barney* to *Chittenden,* he ought, by decree of this court,
to have an assignment of all the property contained in the mort-
gage from *Barney* to *Chittenden.*—1 *Johns. Ch.* 413, 414,
*Cheesboro* vs. *Willard.*—2 *Johns. Ch.* 560, *King* vs. *Baldwin.*—
2 *Johns. Ch.* 394, *Sells* vs. *Bedinct.*—1 *Madd.* 236, 250.

But, inasmuch as Chittenden has put it out of his power to
assign the premises, having disposed of the *Burr Hubbell* farm the
orator contends he ought to be holden to contribute his propor-
tion only.—1 *Madd.* 237.—1 *Johns. Ch.* 412,—1 *Johns. Ch.* 430,
*Stevens* vs. *Cooper.*

*Adams,* for *Chittenden.*—On the part of *Chittenden* it is con-
tended,

That the parcel conveyed by *Barney* in July, 1821, having
been released from the mortgage before *Howe's* purchase, is to be
laid out of the case : particularly as *Chittenden* has received
no consideration therefor.

*Chittenden* is willing the whole of his interest should be as-
signed on receiving the amount due him.

That he has a right to retain all his security until payment
of the whole sum due to him.

That *Howe* having purchased with full knowledge of defend-

ants' claim, has no greater right than
*Barney* would have.

That this is not a case for an apportionment.

Chittenden, Dec. 1826.

*Chittenden* vs. *Barney* & *Howe.*
and
*Howe* vs. *Chittenden* & *Barney.*

That if it was such a case, *Howe* has done nothing to entitle him to a decree in his favor.

ROYCE, Ch. delivered the opinion of the Court.

The court recognize the doctrine of equity that when a charge or burthen rests upon distinct funds or portions of property, and a third person becomes interested in one of them, he has a right to throw the burthen upon the other fund or estate, if the interests of the incumbrancer are not thereby impaired; or upon discharging the incumbrance, to have an assignment of the prior securities ; or to have the burthen apportioned upon the several parts of the property charged, so that his share may be preserved to him on discharging a just proportion of the general incumbrance. It is sufficiently evident that the first mode of relief is not applicable to a case of this description, since the court cannot justly deprive a mortgagee of his security upon the whole of the mortgaged premises. We can only regulate his manner of holding the security and enforcing payment. It is also said by the orator that the second mode of relief is not to be applied here, because the mortgagee, subsequently to the orator's purchase, has released a part of the mortgaged premises ; and therefore that the orator is entitled to an apportionment. We think however, that either of the latter modes may be properly decreed on this occasion. We are to look at the equitable situation of the property at the time of the orator's purchase. At that time *Chittenden* must be considered as under obligation to release to *Barney* or his grantee that part of the *Hubbell* farm lying east of the road, and his security was upon the remaining estate only. This is the estate by which assignment or apportionment must be made. To hold a different doctrine would be to punish the mortgagee for the exercise of that benevolence by which he was induced to relinquish a part of his security.

As the orator was probably influenced to make the purchase by

Chittenden, Dec. 1826.

Chittenden vs. Barney & Howe,
and
Howe vs. Chittenden & Barney.

the situation in which he stood as bail for *Barney*, he appears in a better character than that of a mere speculator or volunteer. He is therefore to have that choice between assignment and apportionment, which under other circumstances would more properly rest with *Chittenden*. The orator will be permitted either to pay to *Chittenden* the amount of his debt, and take a conveyance of all the property now holden by the mortgage, or to pay such proportion of the debt as the value of the orator's purchase bears to that of all the estate holden in security :—otherwise a common decree of foreclosure in favor of *Chittenden* to take effect, and in either event a decree passes against *Barney*. To enable the orator to avail himself of the alternative here given, we find from the evidence the value of the orator's puschase to be three hundred dollars, and that of the remaining estate to be fourteen hundred dollars.

*Allen*, for the orator *Howe*.
*Adams*, for *Chittenden*.