JONATHAN H. HUBBARD *v.* ASCUTNEY MILL DAM CO., ISAAC W. HUBBARD, ALLEN WARDNER, EDWARD R. CAMPBELL AND ERASTUS C. TORREY.

IN CHANCERY.

When several persons are interested in land which is incumbered by a mort‑ gage, whether as owners of distinct parcels of the land, or as tenants in common of the whole, each of them is at liberty to redeem, for the protection of his own interest ; and when one of several owners does so redeem, he becomes substituted, in equity, in the place of the mortgagee, and is entitled to hold the land, as if the mortgage existed, until the other owners pay him their shares of the incumbrance,—their shares, in the absence of any express contract, being the *pro rata* value of their respective interests.

And where there were three subsequent mortgagees of land, having no priority over each other, and it had been agreed between them and the mortgagor, that, if it should become necessary to redeem the previous mortgage, it should be done by each of the three mortgagees paying one third of the amount due upon that mortgage, and that they should be indemnified therefor out of the property mortgaged to them, and one of the three paid one third of the amount due upon the first mortgage, and then advanced the residue of the amount and took an assignment of the mortgage, it was held, that, as to the remaining two thirds, he became substituted to the rights of the original mortgagee, and that he was entitled to require his two co-mortgagees to redeem by repaying to him the two thirds, or forfeit all title to the premises, and that the particular man‑ ner, in which, under the contract, they were to be indemnified out of the mort‑ gaged property was a matter to be subsequently adjusted between them, and did not properly arise upon this bill, brought to compel them to redeem.

APPEAL from the court of chancery. The Ascutney Mill Dam Company, a private corporation, being indebted to one Alfred Hall in about the sum of $500,00, mortgaged to him certain land. Sub‑ sequently, being indebted to the orator, Jonathan H. Hubbard, and to the defendants Wardner, Campbell and Isaac W. Hubbard, re‑ spectively, in various sums, the corporation mortgaged to them, by one instrument, the same premises previously mortgaged to Hall,— to be held by them, as tenants in common, in the proportion of the amount of their several claims specified in the mortgage. Previous to and in contemplation of the execution of both mortgages, the ora‑ tor, the defendants Wardner and Hubbard and the corporation en‑

tered into a contract in writing, by which it was provided, that if it should become necessary to redeem the mortgage to Hall, the same should be done by the orator and the defendants Wardner and Hubbard, by paying each one third part of the mortgage,—" they to be indemnified therefor out of the property mortgaged to them as aforesaid;" and the second mortgage above mentioned was expressed, by its terms, to be made subject to this contract. The defendant Campbell afterwards conveyed his claim against the corporation and his interest in the mortgaged premises to the defendant Torrey. The orator after calling upon the defendants Wardner and Hubbard to pay their proportion of the debt secured to Hall, and upon their neglect to do so, paid one third of that debt, and purchased the residue of the claim, and took an assignment of the mortgage. And the orator now prayed, that the corporation might be decreed to pay to him the whole debt secured by the mortgage to Hall, or be foreclosed of all equity of redemption in the premises; and that, on failure of the corporation to make such payment, the defendants Wardner and Hubbard might be decreed to pay to him each one third of the debt to Hall, or be foreclosed; and that, on failure of the corporation and of Wardner and Hubbard to redeem, the defendants Campbell and Torrey might be decreed to pay to the orator the Hall debt, or such part thereof as would be in proportion to their interest in the mortgaged premises, or be foreclosed. The bill was taken as confessed, as to the corporation and the defendant Torrey, and was dismissed as to Campbell, by consent. The defendants Wardner and Hubbard appeared and answered.

The court of chancery, September Adjourned Term, 1845,—HEBARD, Chancellor,—decreed, as to the corporation and the defendants Wardner, Hubbard and Torrey, according to the prayer of the bill. From this decree the defendants appealed.

*J. Barrett* and *H. Everett* for orator.

Hall held the first mortgage; and the orator, by paying that, has acquired Hall's right to foreclose for the whole amount against the corporation. As against the other mortgagees the orator has acquired Hall's lien, except for so much as it was the orator's duty to pay;—that part, as to them, has become extinguished. If no agreement had been made, each would have been bound to contribute

according to his claim, or lien, and the mortgage would be kept on foot until that was paid. But in this case, the parties having agreed to pay one third each, that proportion is substituted for the other, and the decree should be accordingly. 1 Story's Eq. 474, n. 1. 2 Ib. 291.   5 Pet. 481.   2 Atk. 384.   4 Johns. Ch. R. 129.   3 N. H. 294.   10 Ib. 215.   2 Conn. 161.

The construction of that part of the contract, which provides for the indemnity of the subsequent mortgagees, in case they are compelled to pay the Hall mortgage, does not arise in this case.   This is a proceeding to compel the payment; and it is only after the payment is made, that any question can arise as to indemnity therefor.

But if the manner of indemnity were now in question, the orator insists, that the legal construction of the contract is, that each was to pay one third, and that that sum was to be added to their respective claims, and then they were to hold in the new proportion produced by such addition,

*C. Coolidge* for defendants.

1.   The true construction of the contract, as it respects the contribution to pay the Hall mortgage, is, that such contribution was to be merely an *advance* for that purpose, and not that it was to measure the equitable proportions each was to have in the property mortgaged.   The subsequent mortgagees were to be *indemnified* for such advance to satisfy that mortgage, *out of the property mortgaged;* and this requires, that the premises be sold, if the parties contribute equally,—or, if not sold, that the advances of each be apportioned, *when made,* according to their several interests under the second mortgage.   Otherwise, they who held the smallest share in the second mortgage would pay as much to redeem the first, as they who held the largest; while no other fund than the very estate mortgaged can be resorted to.

2.   The orator, by paying the first mortgage, acquired no right to proceed against these defendants by way of foreclosure.   In the situation in which these parties stood, that mortgage was *extinguished* as between *them;* and now the orator and these defendants hold, as against the mortgagor, the *two* securities, having all the estate under their joint lien; and the proportions of their interests are equitably to be ruled by the respective sums which each has paid into and for

the property.   If the estate were redeemed, such must be the ratio of distribution of the money ; if it be not redeemed, the same ratio should divide the land.

3.  If, by reason of the orator's paying his money to satisfy the first mortgage, he has a claim on these defendants, he has only to sue at law.   His remedy for that is not here ; and the bill, as to them, ought to be dismissed.

The opinion of the court was delivered by

HALL, J.   This is a bill in equity, brought by the assignee of a mortgage against the mortgagor and subsequent mortgagees, praying for a decree of foreclosure.   A decree of foreclosure is resisted by Wardner and Hubbard, two of the subsequent mortgagees, who insist, that their peculiar relation to the complainant is such, as to prevent his being entitled to such a decree against them.

The general doctrines of equity, in regard to several owners of an equity of redemption, have not been much controverted in the argument ; and they indeed appear to be quite well settled.   When several persons are interested in land, which is incumbered by a mortgage, whether that interest be as owners of distinct parcels of the land, or as tenants in common of the whole, the mortgagee is not, in general, obliged to take notice of their separate and distinct interests, but, on the non-payment of the mortgage money, is entitled (unless, perhaps, under very peculiar circumstances,) to a decree of foreclosure against all of them jointly.   If the amount of the decree be not paid, the mortgagee takes the whole land, and the rights of the claimants to the equity are extinguished.   None of the several owners of the equity are obliged to redeem; but each of them is at liberty to do so, for the protection of his own interest; and when one of several owners does so redeem, he becomes substituted, in equity, in the place of the mortgagee, and is entitled to hold the land, as if the mortgage existed, until the other owners pay him their shares of the incumbrance,—their shares being the *pro rata* value of their respective interests.   The party redeeming becomes, in effect, the assignee of the mortgagee, for the purpose of enabling him to obtain the whole title to the land, if the other owners decline to contribute their respective shares towards the removal of the incumbrance.   2 Story's Eq., sec. 1023, 1227. *Silver Lake Bank* v. *North*, 4 Johns,

Ch. R. 370. *Pettz* v. *Clark*, 5 Pet. R. 481. *Gibson* v. *Crehore*. 5 Pick. 152. *Robinson* v. *Leavitt*, 7 N. H. 73. *Jenness* v. *Robinson*, 10 Ib. 215. *Russell* v. *Austin*, 1 Paige 192.

In this case, in the absence of any contract between the second mortgagees in regard to the removal of the incumbrance of the Hall mortgage, the plaintiff might have paid that mortgage, and then been substituted in the place of Hall, for the purpose of obtaining a contribution from them, and, in default of their payment, of enforcing a forfeiture of their interests. That the plaintiff, after paying his share of the mortgage, purchased and took an assignment of the residue, cannot in any degree impair the rights, which he would have obtained by the payment of the whole; and unless there is something in the contract between the parties to take the case out of the general rule, there can be no valid objection to the making of the decree of foreclosure claimed.

It is insisted in behalf of the defendants Wardner and Hubbard, that the contract between them and the plaintiff, which provided for a different ratio of contribution, towards the removal of the incumbrance, from that of their respective interests in the subsequent mortgage, and by which they were to be indemnified out of the mortgaged premises, is to be construed as entitling them to be indemnified out of the land, before the second mortgage could be enforced upon it. If this be the correct construction, it is not perceived how it should be a sufficient answer to the present bill. By the agreement each of these parties was to pay one third of the mortgage now sought to be foreclosed, and then they were to be indemnified out of the land. The payments were to precede the indemnity. The complaint of the bill is, that the contract, the performance of which was to be the foundation of the indemnity, has not been performed by the defendants; that the payments have not been made; that, in consequence of the failure of these defendants to make their payments, the plaintiff has in effect been obliged to make the payments for them. The question is not, how the plaintiff shall have satisfaction for the third of the incumbrance which he was bound to pay and has paid, but what remedy he is entitled to, against the defendants, for making payments for the protection of his own interest in the land, which they ought to have made. We see nothing in the contract, which should deprive the plaintiff of the

equitable remedy, which would, in ordinary cases, be afforded to one of several persons interested in an equity of redemption, who removes the whole incumbrance. We think the plaintiff is entitled to a contribution from the two defendants of the respective shares of the Hall mortgage, which they were to pay, unless they choose to allow their interests in the equity to be extinguished by a failure of payment under a decree of foreclosure.

Whether, after a payment by the two defendants of their respective thirds of the Hall mortgage, they are to be indemnified for those payments out of the land, before the subsequent mortgage takes effect, or whether the sums paid are to be added to their several debts against the corporation, as specified in the mortgage to them, and their indemnity is to be obtained under that mortgage, are questions which we think do not arise in this case.

The result is, that the decree of the chancellor is affirmed, and the case remanded to the court of chancery to carry it into effect.