Gates v. Adams et al.

---

FREDERICK W. GATES *v.* CHARLES ADAMS, JAMES MORSE, SETH MORSE, MIRON MORSE, ROY BLINN, T. FOLLETT, L. FOLLETT, G. A. AUSTIN, JOHN HERRICK, H. FREEMAN, T. CONNER, W. D. KIDDER, AND LEMUEL DREW.

[IN CHANCERY.]

*When Answer is to be taken as true. Important matters to be alledged. Fraud will not be presumed. Rule for apportioning Mortgage, when several parcles of land are in the mortgage.*

When a case stands on bill and answer, and the answer is not traversed, the allegations which the defendant makes by way of belief, comes within the general rule, and in such case, the answer is to be taken as true.

Gates *v.* Adams et al.

Important and cardinal matter in a defense should be in some way alledged, and not be left to inference, merely.

The plaintiff executed a release in these words,—" This mortgage is discharged, a second mortgage having been given of other lands to secure the same debt." It was held, that in order to have this release defeat the plaintiffs' right, it should appear that it is a fraud upon the defendants, and executed under such circumstances as to effect the plaintiff with the fraud, and if fraud is not alledged, the court will not presume it, but the contrary.

And again, if the defendants would compel the plaintiff, (when several pieces of land are in the mortgage,) to go altogether against one piece of land, they must show such a state of the title, as will enable the plaintiff to get his pay, or else charge him with the release, under such a state of facts and knowledge, as to make it express fraud upon the defendants.

If several parcels of real estate are in the mortgage, the mortgage is to be apportioned upon the land according to value, then give a time for the owner of each to redeem his portion, and upon failure to be foreclosed, and if both or neither redeem, that will end it; if one redeems his portion and the other not, then the one redeeming his own, must also redeem the other, or forfeit the whole estate; and if he does, then he is to be allowed to take the whole estate.

The case of *Howe* v. *Chittenden,* 1 Vt. 28, carries the notion of apportioning a mortgage security upon different parcels of the security, further than is altogether consistent with the rights of the mortgagee.

APPEAL from the court of chancery. The facts of the case sufficiently appear in the opinion of the court.

*Phelps & Chittenden* for plaintiff.

*L. Underwood* for defendants.

The opinion of the court was delivered by

REDFIELD, J. This is a bill for the foreclosure of a mortgage, executed by defendant Adams, on the 30th day of December, 1843. The bill alledges that on the 19th day of February, 1844, Adams conveyed a portion of the premises to the three defendants Morse, that they conveyed to Herrick a portion of the same premises conveyed to them ; that Adams conveyed another portion to Herrick on the 1st day of March, 1844 ; that Adams conveyed another portion of the premises to Russell, 28th February, 1844, and so at different times, portions of the land were conveyed to all the defendants, praying a foreclosure of their title.

The defendants insist, in their answer, that the plaintiff, on the first day of December, 1843, took a mortgage of Adams, upon another piece of land, to secure the same debt, which was the property of Adams, in fee simple, and which was ample security for the debt.

They further alledged, that on the 23d day of March, 1847, the plaintiff put, or caused to be put, upon the record of deeds, in the town of Burlington, the following, under his hand and seal, upon the margin of the record of the mortgage deed, and duly certified by the town clerk, the original being either upon the original deed, or a slip of paper intended to be attached to the deed.

" This mortgage is discharged, a second mortgage having been given of other lands, to secure the same debt." And whether this is, or is not, an effectual discharge of the mortgage, the defendants claim that the plaintiff be compelled to go for his debt altogether, against the land first mortgaged, or else lose it; and at all events, that the mortgage be apportioned upon the whole land according to value. The answer farther alledges, that the defendants believe the plaintiff knew, at the time he caused the release to be recorded, of the conveyances to defendants, and they also alledged that they had paid to Adams the full value of the price of the land, before the record of the release, that the conveyances to them are by covenants of title; but Adams is now insolvent, and unable to refund the money paid by them.

The case was heard in the court of chancery, on bill and answer. A question is made, to what extent the facts alledged in the defendants' answer, are to be taken as true. We entertained no doubt whatever, that allegations which defendants make by way of belief, come within the general rule, that in such case the answer is to be taken as true, and for the reason, that had the answer been traversed, the defendants would undoubtedly have been allowed to prove facts, so alledged. Any other rule then, upon this subject, would do great injustice.

In regard to the merits of the defense, there can be little doubt, that the general principles contended for by the defendants, are well founded, and that in a supposable state of facts, which seems in argument to be assumed to exist here, they would apply to the present case.

But the answers seem to us not to contain any such defense.

Gates *v.* Adams et al.

The claim that the plaintiff shall lose his debt, so far as this bill is concerned, goes upon the ground, that in equity, it rested wholly upon the other piece of land. This is urged first, upon the ground that the mortgage first in time, was the primary security, to which plaintiff was bound first to look. But we do not think any such relation follows from the mere order of execution, and nothing else appears in the case, upon this point. Secondly it is urged, that if the other land is still in Adams' possession, except the plaintiff's lien, that should first be made chargeable with the debt. That is no doubt so, but we think so cardinal a matter in the defense, should be in some way alledged, and not be left to inference merely. For anything appearing upon these papers, Adams might have sold that piece of land first, and if so, it was thereby relieved from the burdens of the mortgage, the same as the defendants argued, as to themselves. And if this be so, it was highly proper the plaintiff should release that portion of the security, and go against the defendants· for the whole debt; and that would make the release, imperfect as it is under the statute, no doubt good, in favor of those equitably entitled to enforce it.

But if no such state of facts exist, and no rights have accrued in faith of the release, we do not think the release could defeat any rights of these defendants to contribution, or even of the plaintiff, to go against the other piece of land, if so ordered by a court of equity. For the paper; referring his redress upon this piece, only purports an agreement to look to the other mortgage, and if the party were denied that, by a court of equity, and had executed the release, in all good faith, with the honest belief, that he could lawfully go against the other land, the mistake, as between the parties, would no doubt find a correction in a court of equity.

And if the defendants would show any obstacle to themselves, growing out of the release, and that others have acted in faith of it, they should so aver in their answers. For to have this release defeat plaintiff's right, it should appear that it is a fraud upon defendants, and was executed under such circumstances as to affect the plaintiff with the fraud. Nothing of this is alledged. And we are certainly not to presume fraud, but the contrary.

*Prima facie* the plaintiff has a right to go against either piece of land for his debt, and if the defendants will compel him to go altogether against one, they must show such a state of the title, as

XXIV. 6

will enable the plaintiff to get his pay, if he does go there, or else charge him with the release, under such a state of facts and knowledge, as make it an express fraud upon the defendants.  As the case now stands, the orator is entitled to have the decree affirmed.

Whether this will embarrass the defendants remedy over, they will judge.  My brethren think it would not.  I do not feel at all assured upon that point.  I should sooner think it might.  Especially, if in any event the plaintiff should have to lose his debt by reason of the release.  For if the facts exist which they argue, they might require to ask a court of equity to decree plaintiff to refund the very money, which he obtains by this decree, which would look awkward.

We think the case of *Howe* v. *Chittenden*, 1 Vt. carried the notion of apportioning a mortgage security upon the different parcels of the security, further than is altogether consistent with the rights of the mortgagee.  Under our practice, a sale of the premises is never decreed.  All then which could be consistent with the rights of the mortgagee, is to apportion the mortgage upon the land according to value, and first foreclose the mortgage, then give a time for the owner of each parcel to redeem his portion, and upon failure to be foreclosed, and if both or neither redeemed, that will end it.  If one redeems his portion, and the other not, then the one redeeming his own, must also redeem the other, or forfeit the whole estate, and if he does, then he is to be allowed to take the whole estate.  This will do equity to all parties, and it is the only way it can be done, under our practice, as it seems to me.

It seems probable that the defendants, in this case, may require a cross bill, or a bill in the nature of a cross bill, to adjust this whole matter, if such facts exist as to give them an equity, and especially if the validity of that release is important, but this will depend very much upon what the facts are, and the counsel can better judge of that.

Decree affirmed with costs, unless upon terms, the defendants are allowed to amend, in the discretion of the chancellor.