ELIAS LYMAN, *Administrator of the Estate of* ANNA L. SPAUL-
DING, *v.* GEORGE LYMAN *and* EPHRAIM D. BRIGGS.

*Mortgage. Chancery.*

[IN CHANCERY.]

G. mortgaged land to E. and subsequently conveyed a portion thereof to L.
with the usual covenants of warranty, &c., and afterwards mortgaged the
remainder to B. Each of these conveyances was recorded before the execu-
tion of the one next subsequent. Afterwards E., knowing of the mortgage
to B.. released the portion conveyed to L. from his mortgage. *Held,* on a
bill of foreclosure brought by E. against G. and B., that the latter was not
entitled to a deduction from E's mortgage proportionate to the value of
the estate released in comparison with that of the land originally included
in the mortgage.

When lands subject to a common burden are sold in parcels at different times,
and the deeds are recorded in the order of their execution, the purchasers
of the different portions must, as among themselves, contribute to the com-
mon burden in the inverse order of the conveyances.

BILL IN CHANCERY to foreclose a mortgage. The facts in the
case are sufficiently stated in the opinion of the court.

*George F. Edmunds* for the orator.

*Roberts & Chittenden* for the defendant Briggs.

REDFIELD, CH. J. In this case the defendant, Lyman, gave
a mortgage to the orator. He subsequently conveyed a portion
of the premises to one Lewis Lyman, with full covenants, and
subsequent to that gave the defendant Briggs a mortgage of the
remaining portion of the estate mortgaged to the orator. These
conveyances were all upon record, and each one before the exe-
cution of the one next following it. And subsequent to all these
conveyances being on record, the orator released that portion of
the estate conveyed to Lewis Lyman, and with actual knowledge
that the defendant Briggs held a mortgage.

The orator now seeks to obtain a foreclosure of the mortgage
upon that portion of the estate not released, and which was sub-
sequently mortgaged to the defendant Briggs. Briggs claims a
deduction from the mortgage in proportion to the value of the

estate released, as compared with the remaining portion. This is undoubtedly equitable, provided any such burden could have been placed upon that portion of the estate if it had not been released.

It seems to be well settled by all the decisions, both in this country and in England, that in a case where a general burden rests upon an estate, and a portion of it is conveyed, the grantee of such portion is entitled to redeem the mortgage or incumbrance, and be subrogated to the rights of the owner, and thus enforce it against that portion of the estate still remaining in the hands of the debtor; 2 Story's Eq. Jur. sec. 1233 *a.* and cases cited. This proposition is unquestionable.

Before the conveyance to Briggs then, the orator's mortgage, as between Lewis Lyman and George Lyman, was chargeable upon the portion of the estate still in the mortgagor's hands. The inquiry then arises whether his executing a mortgage of this portion of the estate, or what was the fact, of the whole estate subject to the conveyance to Lewis Lyman, changes the equitable burden of the orator's mortgage, as to the estate mortgaged to Briggs. The question does not seem to have been decided in any case in this State. The case of *Chittenden* v. *Barney & Howe,* 1 Vt. 28, seems to assume the ground that the first mortgage is to be apportioned upon the different parcels of the whole estate, conveyed to different persons, according to their value, without reference to the order of time of the several conveyances. It is said in *Gates* v. *Adams,* 24 Vt. 70, that this kind of equal apportionment of the incumbrance upon the different parcels of land, . cannot in equity be made compulsory upon the first incumbrance of the whole estate, but that the subsequent purchasers may redeem the whole incumbrance and compel contribution among themselves. But the question in regard to any priority among themselves does not seem to have arisen there.

But this question has been repeatedly made in other American States, and the current of American authority seems to be almost uniform in favor of charging the several portions of the estate, conveyed in the inverse order of the time of such conveyances. This rule has been repeatedly recognized and acted upon in the State of New York, beginning with *Gill* v. *Lyon,* 1 Johns. Ch.

Lyman, Admr. v. Lyman et al.

447. The same rule is more or less directly adopted and acted upon in *Clowes* v. *Dickerson*, 5 Johns. Ch. 235 ; S. C. affirmed in 9 Cowen 403 ; *Skeel* v. *Sprakee*, 8 Paige 182 ; *Stuyvesant* v. *Hall*, 2 Barb. Ch. 151 ; and the other cases cited by the orator's counsel. See also 1 Hilliard on Mortgages, 326, and cases cited in notes. This rule is approved in the American notes to Leading Cases in Equity, 2 Vol. 208. There will here be found an extensive and very satisfactory review of the American authorities upon this subject. This general rule seems to have been adopted in most of the American States, but with occasional qualifications, as where the first purchaser of a portion of the whole estate stipulated in his purchase to pay a portion of the general incumbrance, or remains indebted to the vendor for the purchase money, which is still secured upon the land, as in *Allen* v. *Clark*, 17 Pick. 47.

Mr. Justice Story, in his Equity Jur. sec. 1233 *a.* raises a query in regard to the soundness of this view, and intimates an opinion that some of the English cases to which he refers, do not countenance such a mode of marshalling the equities among the different purchasers. But the case of *Averall* v *Wood*, 10 Eng. Cond. Ch. 498, one of the cases referred to by the learned author seems rather to favor the American rule upon the subject, where there is full notice to all parties. And if there is any hesitation in the English equity courts, in regard to extending the equities between the prior purchaser of a portion of the estate who pays for the same and takes covenants of warranty, and the vendor who still retains a portion of the estate, both parties resting under a general burden, to the subsequent purchaser of the remaining portion, it rests unquestionably upon the want of notice, either actual or constructive, there being no general registry system in that country, as is well known.

The registry of a subsequent conveyance is not, in general, constructive notice to a prior purchaser or incumbrancer, but the registry of a deed is notice to those acquiring a subsequent interest in the estate. And with this construction, or actual notice of the state of the title and of the subsisting equities, it seems to us highly reasonable and just that, as among themselves, the purchasers of different portions of the estate are to contribute to the common burden, in the inverse order of their acquiring title.

7

Defendant Briggs therefore had no equity, as against Lewis Lyman, having purchased with knowledge of his prior equity against the remaining portion of the estate not conveyed by the mortgagor.

Decree affirmed and case remanded.