GEORGE TARBELL *v.* LUTHER L. DURANT ET AL..

*Mortgage.   Contribution.*

1. Thayer had a mortgage on land owned by Tarbell.  Tarbell sold a portion of this land to D., and took a note secured by mortgage on the parcel' sold, which he turned over to Thayer as collateral for his mortgage. The defendant afterwards attached the parcel remaining unsold, as the property of Tarbell, and set it off on execution.  After this attachment. Tarbell assigned his interest in the note of D. to the orator. Thayer now brought a petition to foreclose his mortgage, making the orator and defendant parties, and obtained a decree, which the orator redeemed. *Held,* that the orator had a right to redeem, and that the land set off by the defendant was liable to contribute to the payment of the Thayer decree in the proportion that its value bore to the value of the entire premises.

2. In determining the value of the premises, the value of the D. note does not establish the value of the land sold D.

3. *Lyman* v. *Lyman,* 32 Vt. 79, distinguished.

This was a suit in chancery, and was heard at the December Term, 1887, on bill, answer and agreed statement of facts.  Royce, Chancellor, decreed, *pro forma,* that the bill be dismissed with costs.  From this decree the orator appealed. The facts sufficiently appear in the opinion of the court.

*T. J. Deavitt,* for L. L. Durant, defendant.

When Durant set off or sold the premises in question as the property of Tarbell, he was bound to respect the rights of all encumbrancers, and if he proceeded in violation of the rights of any one, he took nothing by his levy.  If the orator had any rights there which Durant did not regard, those rights are not in any wise impaired, and the orator has a complete remedy at law.  R. L. s. 1585, and cases referred to on margin.

The orator was under no obligation to pay the Thayer decree, but was a mere volunteer in so doing.  When the orator paid this encumbrance he could not be subrogated any more than an execution creditor when paying off encumbrances under his levy. *Stevens* v. *Goodenough,* 26 Vt. 676 ; *Bank* v. *Cushing,* 53 Vt.

Tarbell v. Durant et al.

:321; *Guernsey* v. *Kimball*, 55 Vt. 201; *Barnes* v. *Dow*, 59 Vt. 530; *Wade* v. *Howard*, 6 Pick. 492; *Garwood* v. *Eldridge*, :2 N. J. Eq. 145.

*Lamb & Tarbell*, for the orator.

The orator had a right to redeem from the Thayer decree, and having done so is subrogated to all the rights of Thayer in the premises. *Hubbard* v. *Ascutney Mill Co.*, 20 Vt. 402; *Ballard* v. *Leach*, 27 Vt. 491; *Wheeler* v. *Willard*, 44 Vt. 640; *Downer* v. *Wilson*, 33 Vt. 1.

The rule in *Lyman* v. *Lyman*, 32 Vt. 79, that purchasers of different parcels subject to a common burden must contribute inversely to the order of the purchases, has no application here. The Day note was not held as a security in the same way that the land mortgaged to secure it had been. 3 Pom. Eq. Jr. s. 1225.

The opinion of the court was delivered by

TAFT, J. In March, 1881, Daniel Tarbell owned certain land in Royalton, of which Ephraim Thayer was mortgagee by absolute deed. In May, 1881, a part of the land was sold to one Day, who mortgaged it to Thayer, under an arrangement that the latter should hold the note secured by the mortgage, and the mortgage, in place of the land so sold. Thayer therefore held as security for his debt against Daniel Tarbell, the land remaining unsold and the Day note. In August, 1883, Durant attached the land remaining unsold as the property of Daniel Tarbell, after judgment, set off the land, afterwards had the set-off vacated for some irregularity, and under a late statute advertised the land for sale. In November, 1883, Daniel Tarbell assigned the Day note, subject to Thayer's interest, to the orator, as collateral security. In 1884–6 Thayer foreclosed his mortgage covering the attached land and the Day note, making the orator a defendant, and the orator, to protect his interest in the Day note, paid the amount of the decree.

The orator seeks subrogation, and that Durant pay him the amount paid by him to redeem, or be foreclosed; and also seeks foreclosure against Daniel Tarbell.

Tarbell *v.* Durant et al.

I. The orator in redeeming from the Thayer decree was not a volunteer. The facts do not make him one as in *Downer v. Wilson*, 33 Vt. 1, and the case is analogous to *Chandler v. Dyer*, 37 Vt. 345. Why cannot the orator take by assignment such a right to redeem as Chandler acquired by attachment ?" He had a right to the Day note subject to the interest of Thayer. Why could he not protect it as any junior encumbrancer can protect his interest ? He was compelled, and had the right, to redeem.

II. Durant's attachment was prior to the assignment of the Day note to the orator. Did Durant acquire by his attachment of the land any right to have the mortgage, resting upon it and the Day note, satisfied out of the Day note, *i. e.*, as against Daniel Tarbell ? We think that this case should be governed by the same rule that would be applied to it in case the Day land had not been sold, and the orator had acquired in any legitimate manner a right to it, subject to the rights of Thayer. The land and the note were subject to a common burden, and the interests of the parties were acquired at different times. Where lands subject to a common burden are sold in parcels at different times, to different purchasers, the burden must be removed by the purchasers in the inverse order of their purchases. *Lyman v. Lyman*, 32 Vt. 79. But as stated in Bispham Pr. of Eq. s. 333, " This rule of course only applies when sale of the lot is made free of encumbrances. If the purchaser takes it subject to the mortgage, the presumption is that the amount has been deducted from the purchase money, and the burden of the mortgage ought, therefore, justly to fall upon the vendee ; and in such a case, if the vendor or those claiming under him by subsequent sales, are compelled to pay the mortgage, they will be entitled to contribution or exoneration, as the case may be, at the hands of the first purchaser." What right did Durant acquire by his attachment in 1883 ? Only the right, as against Daniel Tarbell, to levy upon the equity of redemption ; to set off the land upon his execution, subject to the Thayer mortgage. The right has since been given him to sell the equity of redemption. Act No. 39, Session Laws, 1884. Act No. 65, *ibid.* 1886. The sale

Tarbell *v.* Durant et al.

would be of the debtor's interest, subject to the encumbrance. An attaching creditor would therefore acquire no greater right than though he had taken a deed of the premises subject to the mortgage, and would have no right to have applied the rule as established in *Lyman* v. *Lyman, supra.* What rule should then govern the parties in adjusting the common burden resting upon the property, in different parts of which they have respectively acquired an interest? We think the parties should contribute to the payment of the burden in proportion to the value of the property in which they are respectively interested. . They have agreed that the value of the attached land is three thousand dollars; of the Day property two thousand dollars. The Day mortgage may be of greater value than the Day land, as the maker of the mortgage notes may be solvent. The attached land should pay that proportion of the amount paid by the orator on the Thayer decree, which three thousand dollars, its value, bears to the combined value of the attached land and the Day mortgage. We think the orator entitled to relief under the bill as drawn. The prayer is for the particular relief of payment by the defendant of the whole sum paid to redeem from the Thayer decree, and for general relief; and, under the latter, the orator may pray at the bar for a specific relief not particularly prayed for in the bill, if by the proofs he is entitled to the same, and the relief is consistent with the case made by the bill, and not inconsistent with the specific relief prayed for. Cooper's Eq. Pl. 14; Heard's Eq. Pl. 45. Upon the facts alleged in the bill the orator is entitled to the exact relief prayed for, except as to the sum. In regard to that he is entitled to that proportion of the amount paid to redeem from the Thayer decree as hereinbefore stated, instead of the whole sum. Durant's estate is the only one of the defendants contesting the orator's claim, and upon a compliance by the estate with any decree made in this case the injunction now in force should be dissolved so that the estate may pursue its rights under its execution.

*Decree reversed and cause remanded with mandate in accordance with this opinion.*