GEORGE W. WILDER'S EXECUTRIX *v.* GEORGE H. WILDER and T. J. DEAVITT, TRUSTEE.

October Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, STAFFORD and HASELTON, JJ.

Opinion filed February 9, 1903.

*Implied trust—Payment of mortgage—Subrogation—Right of Executor—Jurisdiction—V. S. 2494.*

An implied trust arises at the time of the conveyance, and is founded on the payment of the purchase money; a payment made subsequently will not create a trust in favor of the payor.

A life tenant who pays an encumbrance is entitled to subrogation against the remainderman to the extent the latter was bound to pay to protect his estate, without proof of an intention to keep the mortgage on foot; and this right can be enforced by his executor.

That the life tenant makes such payment supposing that he thereby became the owner of the premises in fee does not preclude him or his executor from asserting his right of subrogation.

In such case, the Probate Court cannot grant relief, either by way of subrogation or under V. S. 2494, and resort must be had to the Court of Chancery.

APPEAL IN CHANCERY. Heard on the defendant's demurrer to the bill of complaint, at the September Term, 1902, Washington County, *Watson,* Chancellor. Decree, *pro forma,* sustaining the demurrer and dismissing the bill. The orator appeals.

*Frank Plumley* and *Hogan & Hogan* for the orator.

Since the real estate was conveyed to Maria A., she became primarily liable to pay the mortgage thereon. She was the principal and her husband surety. *Cook* v. *Bherage,* 64 N. E. 603; *Stevens* v. *Goodenough,* 26 Vt. 676. After the

death of Maria A., George W. was bound, as tenant by courtesy, to keep down the interest on the mortgage,—the obligation to pay the mortgage resting upon George H., as remainder man. *Doane* v. *Doane,* 46 Vt. 485, 495; *Plympton* v. *Dispensary,* 106 Mass. 544, 547; *Swayne* v. *Perine,* 5 Johns. 482, and notes; 1 Story's Eq. Jur., s. 488; 4 Kent's Comm. (10 Ed.) 83.  This obligation was not changed by the fact that George W. signed the note.  *In Re Freeman,* 116 N. C. 199.

The payment by George W. before foreclosure proceedings had been instituted was equivalent to his redemption of the premises after foreclosure, the estate in remainder being vested in George H., subject to the equitable right of George W. to insist upon full payment of the sum so expended. *Hubbard* v. *Mill Dam Co.,* 20 Vt. 402; 4 Kent's Comm. (10 Ed.) 83; 2 Jones on Mort., s. 1090; *Wheeler* v. *Willard,* 44 Vt. 640; 1 Story's Eq. Jur., s. 488; 2 *Id.* 1023.

This payment being made by George W. while he believed that he was the owner in fee, the real estate should be decreed to him as owner by way of resulting trust. *Barron* v. *Barron,* 24 Vt. 375, 390; *Corey* v. *Morrill,* 71 Vt. 51, 55; *Wallace* v. *Bowens,* 28 Vt. 638; *Pitt* v. *Pitt,* 1 T. & R. 182; *Baget* v. *Oughton,* 1 P. Will. 347.

At any rate, the orator is entitled to subrogation. *Ward* v. *Seymour,* 51 Vt. 320; *Field* v. *Hamilton,* 45 Vt. 35; 1 Jones Mort., s. 878, 881; *Wheeler* v. *Willard,* 44 Vt. 640; *Miller* v. *Railroad Co.,* 40 Vt. 349; *Doane* v. *Wilson,* 63 Vt. 1; *Bullard* v. *Leach,* 27 Vt. 491; *Shrewsbury* v. *Earl of Shrewsbury,* 1 Ves. Jr., 233; 2 Jones on Mort., s. 1090; *Ryer* v. *Gass,* 130 Mass. 227; *Barnes* v. *Boardman,* 152 Mass. 391; *Young* v. *Williams,* 17 Conn. 393; 2 Story's Eq. Jur., s. 1023.

*T. J. Deavitt* and *Edward H. Deavitt* for the defendants.

There being no duty on the part of George H. to convey or do anything, and he having entered into no agreement to convey or do anything, there is no basis for a decree of conveyance from the defendants or either of them; nor is there occasion for invoking the doctrine of subrogation. George W. simply paid his own debt. The principle of subrogation is applied only when justice and equity demand it. *Bullard* v. *Leach,* 27 Vt. 491; *Gleason* v. *Carpenter,* 74 Vt. 399.

If George W. paid this mortgage note by mistake as to its effect, equity will not relieve against it. *Hunt* v. *Roumaniere's Admrs.,* 1 Pet. 1; *Ripton* v. *McQuivey's Admr.,* 61 Vt. 76; *Deavitt* v. *Ring,* 74 Vt. 431; Story's Eq. Jur., s. 113, 114, 115.

START, J.   The oratrix, by her bill of complaint, shows that on March 24, 1864, William B. Hubbard conveyed to his daughter, Maria A. Wilder, wife of George W. Wilder, the premises in question. No money passed in the transaction, but the Wilders on the same day mortgaged the premises to Hubbard to secure the payment of a note of $2,000 signed by them. The Wilders immediately thereafter went into possession, and occupied until the death of Maria A. Wilder, February 8, 1878; and George W. Wilder continued in possession until his death, April 16, 1901. The defendant, George H. Wilder, is the only child and heir of George W. and Maria A. Wilder. The oratrix is the second wife of George W. Wilder, and was married to him May 8, 1884, and thereafter, with her husband, she occupied the premises until his death, and since that time she has occupied as executrix pending a settlement of the estate. The mortgage debt had not been paid when Maria A. Wilder died, and thereafter, on the 20th of March, 1879, George W. Wilder was required by the executor of William B. Hubbard's estate to endorse on the note an

agreement waiving the statute of limitations and promising to pay the note.   The estate of Maria A. Wilder was not a party to the agreement.   And subsequently, and before his marriage to the oratrix, George W. Wilder paid the mortgage debt.   It is alleged that the premises have always been less in value than the amount of the mortgage debt; that George W. never intended such payment as an advancement or gift, either to Maria A.'s estate, or to the defendant George H., but that such payment was made on account of the personal liability of George W., "and for the purpose of protecting and preserving his own right, title, and interest in and to the real estate, both legal and equitable;" that, notwithstanding the record title has always remained in Maria A. Wilder, George W. "always believed, that, upon payment of the entire purchase price of the estate, as hereinbefore set forth, he thereby became the owner of the estate in his own right, in fee;" that George H. never made any claim to the contrary during the life of his father; and that the property was set in the grand list to George W. and he paid the taxes thereon.

March 11, 1891, George W. Wilder made his will, and, after making a few bequests which are not material to the matter here involved, disposed of the residue as follows: "To my wife, Caroline F. H. Wilder, one-half of all the residue and remainder of my estate including the homestead and place where I now live, as a part of her share."   The other half was devised to a trustee to be appointed by the Probate Court for the benefit of the defendant George H. Wilder, and defendant Deavitt is such trustee.   The will was duly probated, the oratrix duly qualified as executrix thereof, and, as such executrix, brings her bill of complaint.   Upon these allegations of the bill, and others which it is not necessary to here state, the oratrix asks for a decree directing the defendants to deed to her

the homestead, or that she may be subrogated to the rights of the mortgagee under the mortgage which was paid, or for such other relief as the Court thinks her entitled to. The cause stands for hearing on demurrer to the bill.

From these facts the law does not imply a trust, and the oratrix is not entitled to a conveyance of the premises. The husband did not purchase the premises, nor did he, at the time of the conveyance, pay or furnish any money toward the purchase price. The wife purchased the premises, and pledged her credit and estate for the payment thereof. It was necessary for the husband to join the wife in the execution of a mortgage of her real estate, in order to create a valid lien in law thereon, and he did so, and in the execution of the note; but he did not pay anything toward the purchase price of the premises, or on the mortgage debt, until after his personal liability therefor was barred by the statute of limitations, nor until after the death of the wife, when the payment of the mortgage debt became necessary to save his life estate in the premises. The payment then made was not a payment of purchase money, or any part thereof, within the meaning of the law relating to implied trusts. The legal title to the premises had vested in the wife long before this payment was made; therefore, a resulting trust in favor of the husband does not attach. A payment subsequent to the conveyance, under such circumstances, will not, by relation, attach as a trust to the original purchase. *Miller* v. *Blose,* 30 Gratt. 744; *Beecher* v. *Wilson, Burns & Co.,* 84 Va. 813, 10 Am. St. Rep. 883. A trust by implication of law must result from the original transaction, and arise at the time of the conveyance, and at no other time, and is founded on the actual payment of the purchase money. *Pennock* v. *Clough,* 16 Vt. 500, 42 Am. Dec. 521; *Botsford* v. *Burr,* 2 Johns. Ch. 414; *Steere* v. *Steere,* 5

Johns. Ch. 1; *Watson* v. *Erb,* 33 Ohio St. 47; *Keller* v. *Keller,* 45 Md. 272.

At the time George W. Wilder was called upon by the executor of William B. Hubbard's estate to renew the note by an endorsement thereon agreeing to pay the same and waiving the statute of limitations, his personal liability therefor was barred by the statute of limitations, and, as between him and the remainder-man, he was not, and never had been, under a duty to pay the entire mortgage debt; but as the debt was a subsisting incumbrance upon the premises in which he was interested as life tenant, the assumption and payment of the incumbrance by him was necessary to save his life estate therein; and he could assume and pay off the incumbrance, as he did, and keep it on foot as against the remainder-man. The fact that he supposed that he held the title to the premises in fee, and made the payment under such belief, did not disentitle him to assert his right as life tenant paying off the incumbrance, to be subrogated to the rights of the mortgagee, to the extent the remainder-man was bound to pay to protect his estate. His relation to the estate was such that payment of the mortgage debt by him, without proof of an intention to keep the mortgage on foot, entitled him to be subrogated to the rights of the mortgagee, to the extent we have indicated; and that right may be enforced by the oratrix. *Walker* v. *King,* 44 Vt. 601; *Hubbard* v. *Ascutney Mill Dam Co.,* 20 Vt. 402; *Wheeler* v. *Willard,* 44 Vt. 640; *Tarbell* v. *Durant,* 61 Vt. 516; *Downer* v. *Wilson,* 33 Vt. 1; *Barnes* v. *Boardman,* 152 Mass. 391; *Swan* v. *Swan,* 55 Vt. 583. The case of *Haverford Loan & Building Association* v. *Fire Association,* 180 Penn. St. 522, 57 Am. St. Rep. 657, is much in point. In that case a husband, supposing, that, under the will of his wife, he was the sole owner of land, paid and caused to be discharged a prior

incumbrance resting upon the entire estate. It subsequently transpired that he owned only an undivided fifth of the land as tenant in common; and it was held that, having relieved the common estate of an incumbrance, he was entitled to contribution from his co-tenants, and could enforce his claim by subrogation to the rights of the mortgagee under the discharged mortgage. Also, in *Coudert* v. *Coudert,* 43 N. J. Eq. 407, where a testator had no children at the time of making his will, but afterwards children were born and the will held void, and after his decease the widow, supposing that she was the sole devisee, paid and caused to be discharged a mortgage on part of the lands devised to her, it was held that the widow was entitled to have the lien of the mortgage reinstated to secure the money so paid by her, and the land sold to satisfy the same.

The failure of George W. Wilder to examine the records before assuming the payment of the mortgage debt does not disentitle the oratrix to relief by way of subrogation. Had he done so, he would have found that he had a life estate in the premises, and presumably would have understood that he was entitled to protect the same by paying the incumbrance, and that for such payment he could be subrogated to the rights of the mortgagee, to the extent that the remainder-man was under a duty to pay in order to save his estate. By holding as we have, we place the parties in the same situation in respect to the premises that they would have been in had George W. Wilder made the payment with actual knowledge of the extent of his estate therein, and had asserted his right as a life tenant.

The case is not one over which the Probate Court has jurisdiction. It could not grant relief by way of subrogation. *Mann* v. *Mann's Estate,* 53 Vt. 48. The granting or withholding of such relief is peculiarly within the jurisdiction of the Court of Chancery. *Gerrish* v. *Bragg,* 55 Vt. 329. Nor

could the Probate Court grant relief under V. S. 2494, which provides that, when a deceased person in his lifetime held lands in trust for another person, the Probate Court may grant license to the executor or administrator to deed such lands to the person for whose use and benefit they are held, for, as we have seen, the wife did not in her lifetime hold the premises in trust for the husband.

Neither the amount for which the oratrix is entitled to be subrogated to the rights of the mortgagee, nor the rents and profits of the premises, are put in issue by the demurrer; and, for this reason, they are not considered.

*The pro forma decree is reversed, the demurrer overruled, the bill adjudged sufficient, and cause remanded.*