[No. 9299.    Department One.    February 11, 1911.]

CATHERINE McSORLEY, *Respondent*, v. G. W. LINDSAY,
*Appellant.*[1]

MORTGAGES—REDEMPTION—RIGHT TO REDEEM—TENANTS IN COMMON—PRIORITY. Tenants in common, who joined in a mortgage,
are equally entitled to redeem from the foreclosure sale, and redemption by one inures to the benefit of the other, subject to reimbursement, and their priority in demanding redemption from the
sheriff is immaterial; hence neither can maintain an action to restrain the issuance of a certificate to the other.

APPEAL — DECISIONS REVIEWABLE — DISMISSAL — MOOT QUESTIONS.
Where a court has erroneously found that one tenant in common
has priority in the right to redeem from a mortgage foreclosure

[1]Reported in 113 Pac. 267.

sale, and can maintain an action against the other to enforce the
same, an appeal therefrom will not be dismissed for want of any
controversy, on the theory that redemption by either inures to the
benefit of the other; since the argument goes to the merits of the
case.

DUNBAR, C. J., dissents.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered June 15, 1910, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to redeem real property
from a mortgage foreclosure sale.   Reversed.

*Charles H. Gray* and *Geo. McKay*, for appellant.
*Faben & Kelleran*, for respondent.

MOUNT, J.—The respondent brought this action to require
the sheriff of King county to permit her to redeem certain real
estate sold on mortgage foreclosure, and also to restrain the
sheriff from issuing to appellant a certificate of redemption
of the same property.   Upon a trial of the case, a decree was
entered in favor of the plaintiff.   The defendant, G. W.
Lindsay, has appealed from that decree.

The facts are as follows: The appellant, G. W. Lindsay,
and E. M. McSorley, husband of the respondent, acquired the
property in dispute as tenants in common.   After they ac-
quired the property, they joined in a mortgage thereon.
This mortgage was thereafter regularly foreclosed, and the
property was sold to satisfy the mortgage.   At the sale the
property was bid in by V. H. Faben, at the request of Mr.
McSorley.   Afterwards, in order to secure Mr. Faben, Mr.
and Mrs. McSorley executed to him a quitclaim deed of
their equity in the property.   Thereafter Mr. Faben as-
signed his certificate of sale to one Markham, who held the
same until the time of redemption.   In the meantime Mr.
McSorley conveyed all his interest in the property to his
wife.   The date fixed for redemption of the property from
the sale was November 8, 1909.   On November 2, 1909, the

appellant served on the sheriff a notice of intention to redeem the property. On November 8, 1909, Faben, acting for the respondent, delivered to the sheriff money sufficient to redeem the property, but the sheriff did not issue a certificate of redemption to Mr. Faben for the reason, stated at the time, that Mr. Lindsay, the appellant, had served notice of intention to redeem on that date. Later in the day Mr. Faben withdrew the deposit and attempted to redeem from Mr. Markham. Subsequently, on the same day, the appellant deposited with the sheriff sufficient money to redeem the property. Thereupon this action was begun. The question tried was the priority of right of the appellant and respondent to redeem the property.

It is apparent that both parties were vested with the right to redeem under the statute, and it is also apparent that their rights were equal, and that the redemption by one of the parties would inure to the benefit of the other subject to reimbursement by the other. *Stone v. Marshall*, 52 Wash. 375, 100 Pac. 858. The question presented was, therefore, of no importance to either of the parties. The trial court, at the conclusion of the evidence, found that, "The sheriff should have permitted Mrs. McSorley at the time she applied there to redeem the property, she being prior to the defendant. I will find in her favor upon her paying the money necessary to effect the redemption. Any other rights of the parties in this case must be disposed of in some other manner. They cannot be determined in this case under the pleadings." It is apparently conceded that the appellant had served the notice required by the statute, Rem. & Bal. Code, § 599, and subsequently paid the money necessary to effect the redemption. It was therefore clearly the duty of the sheriff to issue his certificate to that effect. It is true that the respondent also paid the sheriff money sufficient to effect the redemption before the appellant paid his money, but before any certificate was issued respondent withdrew her money and sought redemption from the person holding the certificate

of sale. It is difficult to understand, under such circumstances, how the respondent had a cause of action, either against the sheriff or the appellant, to compel the issuance of the certificate of redemption to her; for, as we have seen above, the certificate issued to either of the parties inured to the benefit of the other. It is plain, therefore, that the trial court should have dismissed the action.

Respondent moves to dismiss this appeal on the ground that there is no controversy between the parties. The same controversy exists now that existed at the trial. This argument really goes to the merits of the case. To dismiss the appeal would, in effect, sustain the trial court in concluding that a cause of action existed when in law there was none.

The motion is denied, and the judgment is reversed, and the cause ordered dismissed at respondent's costs.

PARKER, FULLERTON, and GOSE, JJ., concur.

DUNBAR, C. J., dissents.